Beatriz Biscardi André, SBN 367034
beatriz.andre@eeoc.gov
Sophia Tarazi, SBN 329721
sophia.tarazi@eeoc.gov
Chanmealea Thou, SBN 326469
chanmealea.thou@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3032
Facsimile: (213) 894-1301
E Mail:  lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

*[Additional counsel listed on next page.]*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> METRO EIGHTEEN, INC., <br><br> Defendant. | Case No.: 2:26-cv-03412-AH(ADSx) <br><br> **CONSENT DECREE;** <br> **ORDER; EXHIBIT A**      **[JS-6]** |

-1-

Denis Kenny, CA SBN 178542
denis@sfcounsel.com
Scherer Smith & Kenny LLP
140 Geary Street, Seventh Floor
San Francisco, CA 94108

Attorney for Defendant
METRO EIGHTEEN, INC.

## I.    <u>INTRODUCTION</u>

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") and Defendant Metro Eighteen, Inc. ("Metro Eighteen" or "Defendant") (collectively, the "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint in *U.S. Equal Employment Opportunity Commission v. Metro Eighteen, Inc.*, Case No. 2:26-cv-03412 (the "Action"). On March 31, 2026, Plaintiff filed this Action in the United States District Court, Central District of California, for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"). The Action alleges that Defendant Metro Eighteen, Inc. subjected Charging Party Denzell Davis ("Charging Party") to discrimination, retaliation, and unlawful discharge based on race (Black). Defendant denies liability.

## II.    <u>PURPOSES AND SCOPE OF THE CONSENT DECREE</u>

The Parties agree that this Action should be fully and completely resolved and settled by entry of this Decree. The Decree is made and entered into by and between the EEOC and Defendant and shall be binding on and enforceable against Defendant, as well as its parents, subsidiaries, officers, directors, agents, successors and assigns. The scope of this Decree is companywide, unless otherwise noted. The Parties have entered this Decree for the following purposes:

A.    To provide appropriate monetary and injunctive relief;

B.    To ensure Defendant's employment practices comply with Title VII;

C.    To ensure Defendant maintains a work environment free from discrimination, harassment, and retaliation;

D.    To ensure Defendant's policies, procedures, and practices prevent and correct race harassment and discrimination and related retaliation;

E.    To ensure effective training of Defendant's employees, managers, supervisors, and executives, including human resources representatives, regarding the rights of employees and obligations of employers under Title VII as it relates

to harassment, discrimination, and retaliation;

F. To provide an appropriate and effective mechanism for handling complaints of harassment, discrimination, and retaliation;

G. To ensure appropriate record keeping, reporting, and monitoring; and

H. To avoid the expense and uncertainty of further litigation.

## III. RELEASE OF CLAIMS

A. This Decree fully and completely resolves, concludes, and terminates all issues, claims, and allegations raised against Defendant by the EEOC in this Action, including EEOC Charge No. 480-2023-00944.

B. Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

C. Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree if Defendant fails to perform the promises and representations contained herein.

D. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures other than the charge giving rise to and resolved in this Action. This Decree shall in no way hinder or affect an individual's right to file a charge with the EEOC or applicable state agency, participate in a federal or state investigation, or the EEOC's investigation and determinations into such charges.

## IV. JURISDICTION

A. The Court has jurisdiction over the Parties and the subject matter of this litigation. The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B. The terms and provisions of this Decree are fair, adequate, and reasonable. Entry of this Decree will further the objectives of Title VII and will be in the best interest of the Parties.

C.      This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

D.      The Court shall retain jurisdiction of this Action during the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief provided herein.

## V.      EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for three  (3) years after the Effective Date, provided that Defendant complies with the terms of this Decree.

## VI.      MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.      By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness to effectuate the provisions herein.

## VII.      COMPLIANCE AND DISPUTE RESOLUTION

A.      EEOC Review Regarding Compliance

The EEOC may review Defendant's compliance with any provision of this Decree. The EEOC may request from Defendant a copy of any document received or created by Defendant as part of its obligations as described in this Decree. Upon

five (5) business days' notice, Defendant will permit the EEOC to inspect Defendant's records or premises to verify Defendant's compliance with this Decree. In addition, the EEOC may request to interview Defendant's employees as part of its verification efforts. Defendant will comply with any such request within thirty (30) days of the EEOC's request.

B.    Non-Compliance

1.    The Parties expressly agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree. The EEOC may immediately initiate an enforcement action in this Court for non-compliance related to non-payment of monies under this Decree. For all other disputes regarding Defendant's compliance, the EEOC will notify Defendant and its legal counsel of record, in writing, of the nature of the dispute prior to initiating an enforcement action. This notice shall specify the particular provision(s) that the EEOC believes Defendant has violated or breached. Defendant shall have twenty-one (21) days from receipt of the written notice to attempt to resolve or cure the breach. The Parties may agree to extend this period upon mutual consent.

2.    The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC's notice.

3.    After thirty (30) days, inclusive of the twenty-one (21) days to resolve or cure the breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree or any other relief the Court deems appropriate.

## VIII. <u>MONETARY RELIEF</u>

A.    Establishing the Settlement Amount

In settlement of this lawsuit, Defendant shall pay a total gross sum of **<u>$70,098.85</u>** in monetary relief to be paid to the Charging Party as full and final

settlement of the Action, including EEOC Charge No. 480-2023-00944 ("Settlement Amount").

B.    Claims Distribution Procedure

1.    *Distribution.*  The EEOC shall provide Defendant with the Charging Party's current address, the amount to be paid, the classification of the amount to be paid (as either 1099 miscellaneous income or W-2 wages, or some combination thereof), and any additional relevant identifying information. Within thirty (30) days of the EEOC providing this information, Defendant shall send via certified mail a check for the full amount specified by the EEOC to the Charging Party. Within seven (7) days of issuance of the settlement check, Defendant shall submit copies and any related correspondence to the EEOC. Defendant shall reissue the check if necessary.

2.    *Characterization of Payments.*  The EEOC has the sole discretion to characterize the monetary relief amount to the Charging Party as wage or non-wage compensation. Defendant shall issue a Form 1099 to the Charging Party in the amount of his non-wage monetary relief. No tax withholdings shall be made.  If the EEOC designates monetary relief as wages, Defendant shall issue an IRS Form W-2 to the Charging Party. Defendant shall pay the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, which shall not be deducted from payment of the monetary settlement amount(s) to the Charging Party. Defendant shall make all appropriate reports to the Internal Revenue Service and other tax authorities. Within seven (7) days of issuance of the tax forms, Defendant shall submit copies and any related correspondence to the EEOC.

## IX.    CLAIMANT/CHARGING PARTY SPECIFIC INJUNCTIVE RELIEF

A.    Personnel Files and References

1.    Upon request, Defendant will provide the EEOC with a copy of the

Charging Party's personnel file within ten (10) days. The EEOC may request that Defendant remove and segregate certain information from the personnel file that, in the EEOC's discretion, the EEOC deems related to the allegations in this Action and could have a negative impact on the Charging Party's future employment prospects. To the extent Defendant must keep records to effectuate this Decree, such records must be maintained separately from the Charging Party's personnel file. Defendant shall comply with such a request within ten (10) days of receipt.

2.     Defendant shall refrain from providing negative references about the Charging Party, and direct all reference inquiries to a human resources representative, who will provide a neutral employment reference, limited to verifying whether the Charging Party was employed by Defendant, job position, and the duration of employment with Defendant;

3.     Defendant shall remove the Charging Party's photo, image, or likeness from the company's website and all other promotional materials within seven (7) days of the Effective Date;

4.     Defendant shall reclassify the termination of the Charging Party to voluntary resignation within seven (7) days of the Effective Date; and

5.     Defendant must ensure that the Charging Party is not prohibited from seeking employment or re-employment with Defendant.

Defendant shall report its compliance with this Section to the EEOC within thirty (30) days of the Effective Date.

## X.     GENERAL INJUNCTIVE RELIEF

A.    Anti-Discrimination

1.     Defendant, its owners, officers, agents, management (including all supervisory employees), human resources personnel, successors, assigns, and all those subcontracted to or in active concert or participation with Defendant is hereby enjoined from:

a.     engaging in discrimination or harassment against any person(s)

on the basis of race;

b.    discharging any person on the basis of race;

c.    engaging in or being a party to any action, policy, or practice that discriminates or creates a hostile work environment on the basis of any employee's race; and

d.    creating, facilitating, or permitting the existence of a work environment that is hostile to employees on the basis of race.

2.    Defendant shall take prompt corrective action to address any such discrimination or harassment of which it has actual or constructive knowledge occurring in Defendant's workplace.

B.    Anti-Retaliation

Defendant, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with Defendant is hereby enjoined from implementing or permitting any action, policy or practice that subjects any current or former employee or applicant of Defendant to retaliation, because he or she has in the past, or during the term of this Decree:

1.    Opposed any practice made unlawful under Title VII;

2.    Filed a charge of discrimination alleging such practice;

3.    Testified or otherwise participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of Title VII;

4.    Asserted any right under this Decree; or

5.    Sought or received any relief in accordance with this Decree.

## XI.    SPECIFIC INJUNCTIVE RELIEF

Within ten (10) days of the Effective Date, Defendant shall designate a primary point of contact to communicate with the EEOC regarding Defendant's compliance with the requirements and implementation of this Decree.

A.      Policies and Procedures

Within thirty (30) days of the Effective Date, Defendant shall create and implement policies and procedures that explain, define, and prohibit harassment and discrimination on the basis of race. Defendant's policies and procedures shall address compliance with Title VII. The revised Policies and Procedures shall be written in a clear, easy to understand style and format. To the extent Defendant has preventative policies and procedures that satisfy the below requirements, they may be used in whole or in part. At all times, the revised Policies and Procedures shall, at a minimum, include:

1.      a clear explanation of prohibited conduct in violation of Title VII, including examples of race harassment and discrimination and retaliation;

2.      the Complaint Procedure and information on Hotline/Website described in Section XI.B;

3.      information about how complaints of harassment, discrimination, or retaliation will be handled, including steps managerial and supervisory employees must take if they witness and/or become aware of conduct that may constitute discrimination, harassment, or retaliation, disciplinary actions for failure to handle these complaints promptly and appropriately, and investigative steps;

4.      a statement assuring complainants that confidentiality will be kept to the extent possible;

5.      a statement regarding Defendant's commitment to a workplace free of harassment, discrimination, and retaliation;

6.      a statement assuring employees that Defendant will hold all employees, including management, supervisory, and human resources employees accountable if they engage in conduct prohibited under Title VII or this Decree;

7.      a statement that all employees will be paid their normal rate of pay for the time spent making the complaint and participating in the investigation.

Defendant shall submit its current and/or revised policies and procedures to

the EEOC within thirty (30) days of the Effective Date and will allow EEOC thirty (30) days to comment prior to distribution. Defendant shall submit to the EEOC any subsequent revisions to Policies and Procedures during the term of this Decree sixty (60) days prior to the proposed change and allow EEOC to comment prior to distribution.

If the EEOC provides comment within thirty (30) days of receipt of the initial policies or sixty (60) days of receipt of any revised policies related to any reasonably identified deficiencies in complying with sections XI.B.1-7, above, Defendant will implement the changes before distributing its revised Policies and Procedures to all employees (temporary and direct). Defendant will distribute its revised Policies and Procedures within ninety (90) days of receiving the EEOC's comments by (i) posting copies in clearly visible areas within Defendant's worksite; and (ii) providing copies to each current employee by mailing a paper copy to his or her personal mailing address and sending an electronic copy to his or her personal email address.

If the EEOC does not provide comment on Defendant's revised Policies and Procedures within thirty (30) days of receipt of the initial policies or sixty (60) days of receipt of any revised policies, Defendant shall distribute its revised Policies and Procedures to all employees within ninety (90) days of the Effective Date or of the date of the subsequent revisions by (i) posting copies in clearly visible areas within Defendant's worksites; and (ii) providing copies to each current employee by mailing a paper copy to his or her personal mailing address and sending an electronic copy to his or her personal email address.

For employees hired after the Effective Date, Defendant shall disseminate this information during their first day of work. Each employee shall sign a form acknowledging receipt of the revised Policies and Procedures. The revised Policies and Procedures shall be disseminated via electronic mail on a semi-annual basis. Defendant shall provide a statement confirming distribution of the revised Policies

and Procedures to all employees in each annual report to the EEOC.

B.      Complaint Procedure, Hotline/Website, and Log

    1.      The Complaint Procedure

The Complaint Procedure shall incorporate the following elements:

a.      A clearly described process for submitting complaints that includes multiple avenues for employees to lodge complaints of race harassment and discrimination and retaliation verbally or in writing, including (a) a direct phone number and email address for Defendant's human resources; (b) Hotline or Website as outlined in Section XI.B.2 below; and (c) notifying any manager or human resources representative;

b.      A clearly described process for a prompt, thorough, and impartial investigation of all complaints of discrimination, harassment or retaliation by Defendant, including (a) interviewing all relevant witnesses; (b) review of all relevant evidence; (c) creation of written investigative reports, that document all investigatory steps, any findings and conclusions, and any actions taken, and including all complaints, notes of interviews and other relevant evidence;

c.      Tracking and collection of all complaints in the Complaint Log;

d.      Resolution of all complaints in a timely and effective manner;

e.      A clear explanation of Defendant's duty to conduct a follow-up meeting with the complainant to inform him/her of the result and resolution of his/her complaint and evaluate the continued effectiveness of any step taken to remedy any harassment, discrimination, or retaliation;

f.      An explanation that the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law, and that filing an internal complaint does not relieve the complainant of meeting any deadline for filing a charge of discrimination.

g.      the EEOC general phone number, (800) 669-4000, and Los

Angeles District Office number, (213) 785-3090 and applicable state and local agencies.

2.     To the extent that Defendant has prevention policies and procedures incorporating the  procedures required in sections XI.C, above, those policies and procedures may be used in whole or in part.

3.     Toll-Free Complaint Hotline or Website

Within thirty (30) days of the Effective Date, Defendant shall implement a Hotline or Website for reporting complaints. The Hotline or Website shall operate seven (7) days per week, 24 hours per day. Defendant shall ensure that all Hotline or Website inquiries and response times are tracked and logged. Once a complaint is received, Defendant will contact the complainant within twenty-four (24) hours and follow the Complaint Procedure. The EEOC may review and evaluate Defendant's effectiveness and responsiveness to each Hotline or Website complaint. Defendant shall provide records relating to complaints received through the Hotline or Website to EEOC within ten (10) days of its request.

Defendant shall distribute information regarding the Hotline or Website to all employees, including management, supervisory, and human resources employees, within sixty (60) days of the Effective Date by mailing a paper copy to their personal mailing addresses and sending an electronic copy to their personal email addresses. Defendant shall provide information about the Hotline or Website to employees hired after the Effective Date before or on his/her first day of work. It shall be made clear to current employees and new hires that the Hotline or Website is accessible via phone call or online, 24-hours per day and is available in language(s) commonly used by Defendant's employees. Defendant shall have each employee sign a form acknowledging receipt of this information, which shall be written in languages commonly understood by employees. Information about the Hotline or Website shall be disseminated via electronic mail on a semi-annual basis for the duration of this Decree in language(s) commonly used by employees.

4.      Complaint Log

Within thirty (30) days of the Effective Date, Defendant shall establish a Complaint Log for centralized tracking of all formal and informal complaints regarding race discrimination and harassment and retaliation and the monitoring of such complaints to prevent retaliation.   This system shall be searchable by complainant name, and shall contain, for each complaint or investigation at least the following information:

a.      full name, home address, and cell phone number (as applicable) of each complainant;

b.      full name, home address, and cell phone number (as applicable) of any persons involved in the complained of incidents of harassment, discrimination, or retaliation;

c.      a description of how Defendant learned of the complaint (i.e., whether the complaint was made to a manager, human resources employee, or via the Hotline or Website), and the date the complaint was reported;

d.      summary of the allegations including date(s) and location(s) of the complained of incident(s);

e.      a timeline and description of each action taken in response to the complaint, including investigative steps, credibility determination, findings, resolution, and corrective actions, if any;

f.      name and title of person(s) involved in receiving the complaint, the ensuing investigation, final determination, and corrective action;

g.      a description, date of creation, date of review, and custodian of any documents or record that were reviewed or created as part of the investigation of the complaint, including but not limited to witness statements, investigative notes and reports, surveillance camera footages, text messages, emails, and disciplinary record;

h.      status of each complaint or investigation reflected in the

-14-

database (such as "open," "pending," "closed," etc.).

Defendant shall maintain the database throughout the duration of this Decree and shall produce it to the EEOC on an annual basis. Defendant shall review its application of the internal complaint procedure by reviewing the handling of each complaint made by employees regarding race discrimination, harassment, or retaliation.

C.    Training

    1.    *All Trainings*

        a.    All trainings described below shall be mandatory for the duration of the Decree. All persons shall verify their attendance in writing. Defendant shall maintain copies of training sign-in sheets for the duration of the Decree.

        b.    All trainings provided pursuant to this Decree shall be live, in-person and interactive, or, alternatively, web-based with an interactive component, or unless otherwise indicated. Examples shall be given of prohibited conduct, tailored to Defendant's workplaces. Defendant shall leave time for question and answer at the conclusion of the training. All trainings and training materials shall be provided in language(s) commonly understood by Defendant's employees.

        c.    Within thirty (30) days of the Effective Date, Defendant shall submit to the EEOC the identity and qualifications of the qualified third-party trainer selected, a description of the trainings to be provided along with the training materials, and an outline of the training curriculum. The trainer must speak fluently the language(s) that most of Defendant's employees understand, and an interpreter shall be provided, if necessary, in any other language required for employees to understand. Upon receipt, the EEOC may provide comment within thirty (30) days regarding any necessary revisions to the training.

        d.    The trainings shall occur within ninety (90) days of the Effective Date, and thereafter on an annual basis. When scheduling each live training,

Defendant shall also schedule an alternative training session within thirty (30) days of the initial training that is either (a) live and interactive; or (b) a video recording of the live training plus an interactive component.

e.    Within thirty (30) days of the hire date of any employee hired after the required training, Defendant shall provide an alternative training session that is either (a) live and interactive; or (b) a video recording of the live training with an interactive component. All employees will be paid their normal rate of pay during the trainings.

f.    Defendant shall give the EEOC a minimum of thirty (30) days advance written notice of the date, time and location of each training provided pursuant to section XI.D1.D of this Decree. The EEOC may attend any such training upon request by the EEOC. The EEOC may also review training materials proposed or used upon request.

2.    *Training for Non-Managerial Employees ("Non-Management Training")*

All non-managerial employees shall be required to attend a training session lasting at least one (1) hour in duration. The training under this section shall cover:

a.    the role and purpose of Title VII including clear examples of what constitutes unlawful harassment, discrimination, and retaliation;

b.    employees' and employers' rights and responsibilities under Title VII and this Decree if they experience, observe, or become aware of conduct that they believe may be discriminatory or retaliatory; and

c.    Defendant's revised Policies and Procedures including the Complaint Procedure.

The training shall emphasize Defendant's commitment to ensuring a workplace free of discrimination, harassment or retaliation and encourage employees who experience or witness discriminatory, harassing or retaliatory conduct to report it. The training shall also emphasize the consequences for

-16-

employees who engage in prohibited conduct and for managerial, lead, or supervisory employees who fail to notify Defendant's human resources department upon becoming aware of conduct that may be discriminatory, harassing or retaliatory.

Before concluding the training, Defendant shall provide direct contact information for Defendant's human resources, and for the Hotline or Website. Defendant shall also circulate an anonymous evaluation form to be filled out by attendees and provided to the EEOC. Defendant will review the anonymous evaluation forms and make any appropriate adjustments for subsequent trainings. The EEOC may review the anonymous evaluation forms and make recommendations for future training consistent with this Decree. Defendant shall incorporate any such recommendations in its subsequent training sessions.

3.    *Training for Managerial and Human Resources Employees*

All managerial, supervisory, and human resources employees shall be required to attend a training session lasting at least two (2) hours in duration. The Management Training under this Section shall include all topics included in the Non-Management Training, and shall include the following additional information and components:

a.    Duty and how to prevent harassment in the workplace;

b.    Managers' and supervisors' responsibility to report to human resources any conduct which they experience, observe, or become aware of that may be discriminatory, harassing, or retaliatory;

c.    Duty and how to receive complaints of discrimination, harassment, and/or retaliation, whether formal or informal, verbally or in writing, including how to document complaints.

e.    Duty and how to properly handle and investigate complaints of discrimination, harassment, and retaliation in manner that is fair, neutral, prompt, and thorough, including how to gather and review evidence, conduct credibility

determination, and write investigative reports;

g.   How to take preventive and corrective measures against discrimination, harassment, and retaliation, including discussions on the types of preventative and corrective measures available and how to determine whether the measures proposed are reasonably calculated to prevent or end discriminatory, harassing, or retaliatory conduct;

h.   Duty and how to maintain confidentiality of the complaint, complainant, and investigation;

i.   Duty and how to inform complainant of the investigative steps taken and the resolution of their complaints;

j.   Post-investigative procedures for monitoring the work environment and audit any personnel to ensure there is no retaliation; and

j.   Role play on how to handle specific scenarios related to Defendant's workplace.

4.   *Verification of Training*

All persons required to attend such training shall verify their attendance in writing. Within ninety (90) days of the Effective Date and annually thereafter, Defendant shall produce to the EEOC documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session.

D.   EEO Statement Dissemination

1.   Website Statement of Equal Employment Opportunity

Within thirty (30) days of the Effective Date, Defendant shall include the following language in bold on the homepage to its website confirming that Defendant is an equal opportunity employer, specifically stating that Defendant will not discriminate based on race, sex, pregnancy, national origin, religion, age, or

disability, and indicating how to lodge a complaint. The font size of this language will be equal or greater to the font size of all other language, other than headers and logos. Defendant will certify in writing to the EEOC that it has posted this language to its website:

> **Metro Eighteen, Inc. is an Equal Opportunity Employer. We do not discriminate on the basis of race, sex, pregnancy, national origin, color, religion, age or disability or any other status protected by law. If you believe you were subjected to discrimination, you should contact Joe Pelleriti at joe.pelleriti@metroeighteen.com to make a complaint.**

2.    Notice Posting

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendant shall post a laminated copy of the Notice attached as **Exhibit A** in clearly visible locations frequented by its workers. The Notice shall be printed in legible font and posted in language(s) commonly understood by Defendant's employees. If the Notice becomes defaced or illegible, Defendant shall replace it with a clean copy immediately.

E.    Reporting

1.    Initial Report

Defendant shall submit to the EEOC an initial report within ninety (90) days of the Effective Date containing:

a.    a statement verifying payment to the Charging Party and proof of payment;

b.    a statement detailing Defendant's compliance with "Claimant Specific Injunctive Relief";

c.    the name and contact information of the primary point of contact;

d.    a copy of the revised Policies and Procedures, including the

Complaint Procedure;

e.   a statement verifying the dissemination of the revised Policies and Procedures, including the Complaint Procedure, to all employees and copies of signed acknowledgment forms for the revised Policies and Procedures;

f.   the name, contact information, and qualifications for the trainer(s) selected, a description of the trainings to be provided, an outline of the curriculum, and training materials, for the EEOC's review and comment;

g.   copies of anonymous evaluation forms, if any;

h.   name, contact information, and qualifications for Defendant's employee(s) who will handle complaints of harassment, discrimination, and retaliation;

i.   a copy of the proposed Complaint Log with a summary of the procedures and recordkeeping methods developed for centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints;

j.   a statement confirming that the notices pertaining to this Decree have been disseminated and posted;

k.   a description of Defendant's compliance with document maintenance and retention requirement under Section XI.G; and

l.   a list of employees subjected to discipline or discharge within the last twelve months and records of said employees' disciplinary actions, discharge, and complaints of harassment or retaliation (if any).

2.   <u>Annual Report</u>

Defendant shall provide annual reports beginning one (1) year after the Effective Date of this Decree. The annual report shall include:

a.   a copy of the Complaint Log;

b.   a statement verifying the dissemination of the revised Policies and Procedures, including the Complaint Procedure, to all new employees hired

after the Initial Report (if any) and a copy of each signed acknowledgment forms;

c.      a statement verifying the existence of a Hotline or Website for receiving complaints of discrimination and retaliation and any documents verifying such existence;

d.      copies of documents verifying the occurrence of all training sessions, including the written materials used, a description of the training, a list of the trainers, and a list of the attendees including a statement of whether all required attendees have attended;

e.      copies of all required notices and a statement confirming that all required notices pertaining to this Decree have been disseminated and posted;

f.      copies of the operative policies and procedures and a statement confirming that all policies and procedures have been disseminated and posted as required by this decree, including whether any revisions of Defendant's policies and procedures regarding race discrimination, and retaliation have taken since the preceding report, including a copy of the revised policies or procedures;

g.      copies of anonymous evaluation forms, if any; and

h.      the status of Defendant's compliance with all terms of the Decree.

3. Exit Report

Defendant shall report to the EEOC at least ninety (90) days prior to the expiration of this Decree regarding its compliance with this Decree.

F.      Recordkeeping

The records to be maintained shall include:

1.      All communications with the EEOC;

2.      All documents relating to the Charging Party;

3.      Copies of Defendant's operative policies and procedures pursuant to Section XI.B and all signed acknowledgments of receipt;

4.      Copies of Defendant's website statement of Equal Employment

Opportunity;

5.	Copies of the Notice Posting (Exhibit B);

6.	The Complaint Log and all documents associated with it and the Hotline, and all documents associated with all complaints on the basis of race, and related retaliation, and the investigations thereto;

7.	All forms acknowledging employees' receipt of Defendant's revised Policies and Procedures;

8.	All training documents including training materials, documents verifying the occurrence of all training sessions, and names and positions of all attendees;

9.	All documents related to compliance with the terms of the Decree; and

10.	All other documents as required by law.

Defendant shall make the records available to the EEOC within ten (10) business days following a written request by the EEOC.

## XII.   COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XIII.  COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIV.  MISCELLANEOUS PROVISIONS

A.	Unless otherwise stated, all notices, reports and correspondence required under the Decree shall be delivered by email to the attention of Beatriz Biscardi Andre, Acting Regional Attorney for U.S. Equal Employment Opportunity Commission, Los Angeles District Office, at lado.legal@eeoc.gov and beatriz.andre@eeoc.gov. Defendant shall maintain copies of all such notices, reports and correspondence for at least the Term of the Decree.

B.	During the term of this Decree, Defendant shall provide any potential

successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, including any new facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of such.

C.      During the term of this Decree, Defendant shall ensure that each of its directors, officers, human resources personnel, managers, supervisors, and subcontractors are aware of any term(s) of this Decree which may be related to his/her job duties.

## XV.   EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(f) AND 6050X

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

The Defendant's EIN is: 27-1341343

The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

Name: Joe Pelleriti

Physical Address: 8586 West Pico Blvd., Los Angeles, CA 90035

1.      The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

2.      Any decision about a deduction pursuant to the Internal Revenue Code

will be made solely by the IRS with no input from the EEOC.

3.    The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## XVI.  <u>COUNTERPARTS AND FACSIMILE SIGNATURES</u>

This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

The Parties agree to entry of this Decree and judgment subject to final approval by the Court. All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

CATHERINE L. ESCHBACH
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, DC 20507

Date: March 31, 2026          */s/ Beatriz Biscardi André*

By:   Beatriz Biscardi André
      Acting Regional Attorney
      EEOC Los Angeles District

Date: March 27, 2026

By:   Denis S. Kenny
      Attorney for Defendant Metro
      Eighteen, Inc.

-25-

## ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

Date: April 20, 2026

_____

Anne Hwang
United States District Judge

-26-

# EXHIBIT A

## **NOTICE OF SETTLEMENT AND CONSENT DECREE**

TO:    ALL EMPLOYEES

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the Central District of California against Metro Eighteen, Inc., Case Number 2:26-cv-03412.  The EEOC filed this lawsuit alleging that Metro Eighteen, Inc. subjected its employees to harassment and discrimination on the basis of race and retaliation.

Metro Eighteen, Inc. settled the case by entering into a "Consent Decree" with the EEOC and paying **$70,098.85** in monetary relief to the Charging Party.  In the Consent Decree, Metro Eighteen, Inc. agrees to various types of injunctive remedies including ensuring that policies and procedures against harassment, discrimination, and retaliation conform to Title VII; training employees regarding harassment and discrimination on the basis of race and retaliation; creating a centralized system for tracking complaints; and providing the EEOC with periodic reporting regarding the injunctive remedies.

Pursuant to the Consent Decree, employees are hereby notified that any violations of Metro Eighteen, Inc.'s policies against harassment, discrimination, and retaliation will be thoroughly investigated.  Individuals found to have violated that policy will be subject to discipline up to and including termination of employment.  All employees will undergo training to correct and prevent unlawful harassment, discrimination, and retaliation in the workplace.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's race, age, disability, sex, pregnancy, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment.  Federal law also prohibits retaliation for those who oppose or resist harassment or discrimination or participate in investigations regarding complaints of harassment or discrimination.

Metro Eighteen, Inc. is committed to complying with federal anti-discrimination laws in all respects. Harassment and discrimination on the basis of race as well as related retaliation will not be tolerated.  Any employee who files a complaint or formal charge of discrimination, gives testimony or assistance, or participation in any manner in any investigation will be protected from retaliation.

If you believe that you have been harassed or discriminated against because of your race, sex, pregnancy, national origin, age, color, religion, or disability, or subjected to retaliation you may follow Metro Eighteen, Inc.'s procedures and/or you may seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA  90012-3332
TELEPHONE NUMBER: (213) 785-3090
www.eeoc.gov